IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MICHELLE L. VIEIRA, *Trustee for the Estate* *of Beach First National Bancshares, Inc.*, | ) ) ) | Civil No. 2:11-cv-0055-DCN |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| MICHAEL BERT ANDERSON, ORVIS BARTLETT BUIE, RAYMOND E. CLEARY, III, THOMAS FUHNER, MICHAEL D. HARRINGTON, JOE N. JARRETT, JR., RICHARD E. LESTER, LEIGH AMMONS MEESE, RICK H. SEAGROVES, DON J. SMITH, SAMUEL ROBERT SPANN, JR., B. LARKIN SPIVEY, JR., WALTER E. STANDISH, III, *and* JAMES C. YAHNIS, *as Directors of Beach First National Bancshares, Inc., and* WALTER E. STANDISH, III, *as President and Chief Executive Officer of Beach First National Bancshares, Inc.*, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

      This matter is before the court on defendants' motion to dismiss. Plaintiff, as Chapter 7 trustee for Beach First National Bancshares, Inc. (Bancshares), alleges that defendants breached their fiduciary duties and acted negligently in their capacities as Bancshares directors and officers when they allowed Bancshares' equity interest in a Myrtle Beach office building to be subordinated to the interest of another entity. Defendants counter that plaintiff has failed to properly plead her claim.

      For the reasons stated below, the court denies defendants' motion to dismiss.

# I.  BACKGROUND

The following facts are drawn from the complaint.  Bancshares is a bank holding company organized under the laws of the State of South Carolina.  Beach First National Bank, Myrtle Beach, South Carolina ("Bank"), was Bancshares' wholly-owned subsidiary and primary asset.  The Bank operated was incorporated under the laws of the United States and subject to examination by the United States Office of the Comptroller of the Currency (OCC).

Defendants are all former Bancshares directors and officers, who allegedly appointed themselves as directors and officers of the Bank, thus directly and indirectly controlling the Bank's management and operation.  The Bank struggled throughout 2008 and 2009 and ultimately failed.  On April 9, 2010, the OCC closed the bank and named the Federal Deposit Insurance Corporation (FDIC) as its receiver.  The FDIC then sold, or approved the sale and transfer of, all of the Bank's assets to The Bank of North Carolina.  The Bank no longer exists.

On May 14, 2010, Bancshares filed a voluntary bankruptcy petition 11 U.S.C. § 7 in the United States Bankruptcy Court for the District of South Carolina.  On or about May 17, 2010, plaintiff was appointed as the Chapter 7 trustee of Bancshares' estate, and on September 29, 2010, she filed an adversary proceeding against defendants, alleging breach of fiduciary duty and negligence claims and seeking actual, consequential, and punitive damages.

On December 1, 2010, defendants moved to dismiss the suit and to withdraw the reference to the bankruptcy court.  Among other things, defendants argued that plaintiff lacked standing because derivative claims are reserved, by statute, to the FDIC.  On April

29, 2011, this court granted the motion to withdraw the reference to the bankruptcy court. The court held a hearing on the motion to dismiss and, by a written order issued on August 25, 2011, dismissed the entire complaint on the grounds that plaintiff lacked standing to bring her claims.

Plaintiff timely appealed the dismissal to the Fourth Circuit. On December 28, 2012, the appellate court affirmed in part and reversed in part the district court's dismissal. The Fourth Circuit found that plaintiff only had standing to bring one of her claims, which relates to Bancshares' ownership interest in an office building located in Myrtle Beach. The Fourth Circuit remanded the case so that this court could consider the merits of plaintiff's remaining claim.

## II.  MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must sufficient contain factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell

3

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III.  DISCUSSION

Plaintiff's sole remaining claim relates to Bancshares' ownership interest in an LLC that holds real property. The complaint states:

> As directors and officers of Bancshares, the Defendants knowingly participated in a breach of their fiduciary duties and obligations of good faith and loyalty to Bancshares by failing to execute their responsibilities in manner consistent with the best interests of Bancshares, including, upon information and belief and without limitation, the following:
>
> . . .
>
> Bancshares formed a limited liability company with a law firm. The purpose of the LCC [sic] was to construct and own an office building in Myrtle Beach, South Carolina. Bancshares and the Bank's offices were located in the building. Bancshares owns two-thirds of the LLC and the law firm owns one-third. Upon information and belief, the Defendants, acting as directors and officers of Bancshares, and in contrary to standard and prudent practices, caused Bancshares and/or the Bank's loans or interest in the LLC to be subordinated to the law firm's equity interests in the LLC, to the ultimate detriment and loss of Bancshares' equity interest in the LLC.

Compl. ¶¶ 28, 28(p). Defendants move to dismiss this claim on the grounds that: (i) it fails to meet the pleading standards required by Twombly and Iqbal; (ii) it lacks the allegations of bad faith, dishonesty, or incompetence required by the business judgment rule; and (iii) it does not properly allege that defendants' action caused plaintiff's injury.

While not a model of detail, the allegations that remain in plaintiff's complaint nevertheless state a claim for relief that is plausible on its face. Plaintiff has alleged that

4

defendants improperly subordinated Bancshares' interest in the LLC to the law firm's interest, thereby causing Bancshares to suffer a loss. While the complaint does not elaborate on the transactions through which defendants may have improperly subordinated Bancshares' interest in its real estate holding, it nevertheless contains sufficient factual matter to survive a motion to dismiss.

As counsel noted at the hearing, defendants' business judgment rule and causation arguments are entwined with and flow from their position that the pleadings are insufficient. Because the court has found that the pleadings survive the court's scrutiny at this stage of the litigation, these arguments are unavailing, but will surely be repeated at the summary judgment stage.

## IV. CONCLUSION

For the reasons above, the court **DENIES** defendants' motion to dismiss. The parties are **DIRECTED** to jointly submit a proposed scheduling order to the court within fifteen (15) days of the date of this order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 14, 2013**
**Charleston, South Carolina**